UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NONIS CARPENTER, | ) | CASE NO. 5:22-CV-2043 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL, | ) | OPINION AND ORDER |
| SECURITY | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") (ECF # 13) that the Commissioner's final decision denying Plaintiff's application for a Period of Disability and Disability Insurance Benefits be Vacated and Remanded. The Report and Recommendation was rendered August 7, 2023. On August 14, 2023, the Defendant filed her response indicating that she would not be filing objections to the R&R. (ECF # 14.) The Plaintiff filed an objection only to the R&R's finding that the Functional Capacity Evaluation's ("FCE") conclusions were issues "reserved for the Commissioner." (ECF # 15.) Plaintiff has no objection to the conclusion to have the matter vacated and remanded. The matter is ripe for consideration.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also Powell v. United States,* 37 F.3d 1499 (Table), 1994 WL

1

532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."); Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").  After review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### MAGISTRATE JUDGE'S FINDINGS AND PLAINTIFF'S OBJECTION

The R&R makes a thorough review of the legal and factual history of this matter and is adopted in full here.  For relevant synopsis purposes, the Court notes that the R&R found that the Commissioner was correct "that the ALJ did not need to address the FCE's finding that Carpenter could only work two to three hours a day to the extent it goes to the question of whether Carpenter is disabled, as it is a determination reserved for the Commissioner."  However, the R&R did find it concerning that the ALJ did not address the pertinent positive findings in the FCE.  In fact, the findings of the seemingly overlooked FCE are the primary driver of the R&R's conclusion that this matter be vacated and remanded.

Plaintiff summarized the findings of the FCE as: Plaintiff had the ability to sit for one (1) hour, for 10 minute durations, stand for five (5) minute durations, and to walk two (2) to three (3) hours for "occasional moderate distances".  From those observations the FCE found Plaintiff's "Capabilities" for a "Work Day" were two (2) to three (3) hours.  Plaintiff objects that the "objective" data results are different from a finding that the Plaintiff is disabled and thus is not a matter reserved for the Commissioner.

The Court does not agree.  The Sixth Circuit has already considered and rejected a similar argument in *Turner v. Comm'r of Soc. Sec.,* 381 F. App'x 488, 493 (6th Cir. 2010), where it

found that a doctor's statement that a patient "was not 'currently capable of a full-time 8-hour workload' was simply an alternate way of restating his opinion that Turner was 'unable to work'" and was "thus an opinion on an issue reserved to the Commissioner and was not entitled to any deference."  The same analysis holds here.  The FCE's conclusions that Plaintiff's workday capabilities were only 2 to 3 hours a day is the equivalent of a statement that Plaintiff is unable to work.  The R&R evaluated the facts and law correctly when it found the FCE's conclusions to be a matter reserved for the Commissioner.  Plaintiff's objection is without merit.

## CONCLUSION

The Court **ACCEPTS** and **ADOPTS** the Report and Recommendation.  The Commissioner's denial of Plaintiff's claim is **REVERSED**.  The matter is **REMANDED** in accordance with the Report and Recommendation and this Opinion.

**IT IS SO ORDERED.**

    /s  Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: November 1, 2023**